ATLANTIC COAST LINE RAILROAD COMPANY, a corporation, *Plaintiff in Error,* v. J. E. WOODS, as Administrator of the Estate of Warren Woods, deceased, *Defendant in Error.*

148 So. 542.

Opinion filed May 9, 1933.

*T. Paine Kelly* and *J. W. B. Shaw,* for Plaintiff in Error; *Petteway & Petteway* and *Barber & Williams,* for Defendant in Error.

PER CURIAM.—In an action by an administrator to recover damages for the alleged wrongful death of his decedent, the court directed a verdict for the defendant at

the close of the testimony, and subsequently granted a new trial. Defendant took writ of error. The motion for new trial contains grounds that the verdict is contrary to the law and. to the evidence, and that the court erred in directing a verdict for the defendant.

There is evidence upon which a finding of liability of the defendant under the statute may be predicated under the issues, even if the evidence may be regarded as indicating contributory negligence of the decedent; and there is evidence from which the jury might lawfully have found that the decedent, in good health and aged thirty-six years, would probably have lived some period of time and have accumulated and left at his death property of at least small value, had he not died as a result of defendant's negligence as alleged. The statute makes the death by wrongful act a tort for which at least nominal damages may be recovered by an administrator of the decedent. Jacksonville El. Co. v. Bowden, 51 Fla. 152, 45 So. 755. In granting a new trial the court corrected the error made in directing a verdict for the defendant.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BROWN, J. J., concur.

ELLIS and BUFORD, J. J., dissent.

BUFORD, J. (Dissenting).—The administrator sued the plaintiff in error for damages to the estate of decedent caused by the alleged wrongful death of decedent occasioned by the collision of a train with an automobile in which decedent was riding.

Directed verdict was returned in favor of defendant.

Motion was made for and a new trial granted. Defendant sued out writ of error.

Decedent Woods died, it is alleged, on March 28th, 1928, from injuries received by such collision on March 8th, 1928. He was thirty-six years of age and in good health at the time of his injury. He had been convicted of forgery in 1924 and had served two years in the State Prison. He had accumulated no estate, except a claim for adjusted compensation as an ex-soldier. He was not engaged in any lawful employment and was not even earning a livelihood.

There was no evidence upon which it could reasonably be assumed that he would have, had he continued to live, ever accumulated any estate at all. There was some evidence (of questionable legality) that he had at one time earned as much as a hundred dollars a month as a dealer in live-stock, but there is no showing that he had either the opportunity or inclination to further engage in such vocation.

The directing of the verdict was justified by the law as enunciated by this Court in Jacksonville Electric Co. v. Bowden, 54 Fla. 416, 45 Sou. 755, and M. & B. R. Co. v. May, 83 Fla. 524, 91 Sou. 553.

It therefore follows, I think, that the granting of a new trial was error and the judgment should be reversed, with directions that judgment for defendant be entered on the verdict in the court below, unless a motion in arrest of judgment or for judgment *non obstante verdicto,* shall be made and prevail.

ELLIS, J., concurs.