**NU CAR CARRIERS, Inc., v. TRAYNOR.**

**No. 7797.**

United States Court of Appeals for the
District of Columbia.

Argued Dec. 4, 1941.

Decided Jan. 26, 1942.

Mr. Henry I. Quinn, of Washington, D.
C., for appellant.

Mr. Louis Ginberg, with whom Messrs.
Dorsey K. Offutt, Carlton F. Alm, and
Eugenio M. Fonbuena, all of Washington,
D. C., appeared on the brief, for appellee.

Before GRONER, C. J., and VINSON
and EDGERTON, JJ.

EDGERTON, Associate Justice.

Appellee has recovered judgment against
appellant for injuries which he received
in a collision between a car which he was
driving and a truck which belonged to ap-
pellant. The chief issue was whether the
driver of appellant's truck was negligent.

Appellant proposed to offer in evidence a
copy of the following statement alleged to
have been signed by appellee in the pres-
ence of appellant's driver: "To whom it
may concern: I hereby exonerate Driver
George Emmert, of the Nu Car Carriers,
from all blame or negligence in connection
with an accident involving the undersigned
at Bel Air, Maryland, on this date,
10/17/35." Appellant's driver did not re-
member its exact language, but testified
that appellee had signed a statement which
in substance exonerated him from any
blame in connection with the accident. He
testified that he delivered that statement to
Westcott, appellant's assistant manager.
Westcott testified that he received such a
statement from the driver, but that he was
not present when it was signed. The court
ruled that Westcott's testimony was not ad-
missible. It also refused to permit Hay-
wood, another representative of appellant,
to testify that he had made a search for the
signed statement. Appellant's counsel told
the court that he proposed to prove by var-
ious witnesses the course through which the
signed statement had passed, that unsuc-
cessful search for it had been made, and
that the paper which he sought to offer in
evidence was a copy of the original. The
court refused to admit such testimony.

Secondary evidence of the con-
tents of a writing is admissible on proof

that the original is lost.[1] A verified copy is competent secondary evidence. A copy is verified if successive witnesses trace the original into the hands of a witness who made or compared the copy.[2] Appellant proposed to lay an adequate foundation for admitting the copy, and should have been allowed to proceed.

The error was prejudicial. A statement which exonerates a driver from "all blame or negligence" is an admission that he was not to blame and not negligent. If appellee's admission had been received, it would have been persuasive evidence in appellant's favor on the basic issue in the case.

Reversed.

[1] Guilford Granite Co. v. Harrison Granite Co., 23 App.D.C. 1, 24; Chalvet v. Huston, 43 App.D.C. 77, Ann.Cas. 1916C, 1180.

[2] Wigmore, Evidence, 3d Ed., § 1280.