## HERZIG v. SWIFT & CO.

### No. 153.

Circuit Court of Appeals, Second Circuit.

Jan. 4, 1945.

Morris A. Kaplan and Herman E. Hoberman, both of Brooklyn, N. Y. (Samuel J. Sussman, of Brooklyn, N. Y., of counsel), for appellant.

George J. Stacy, of New York City (Joseph Kane of New York City, of counsel), for appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

1. Perhaps the most to be said for the "best evidence rule" is that it may serve on occasion as a good mnemonic device. It did not so serve the trial judge here, for it awoke in him an incorrect recollection when, in rejecting the oral testimony as to partnership earnings and in refusing to allow the plaintiff's counsel to argue for its admissibility, he said, "I am not going to hear an elementary argument on law school evidence."

"In its modern application, the best evidence rule amounts to little more than the requirement that the contents of

a writing must be proved by the introduction of the writing itself, unless its absence can be satisfactorily accounted for."[1] Here there was no attempt to prove the contents of a writing; the issue was the earnings of the partnership, which for convenience were recorded in books of account after the relevant facts occurred. Generally, this differentiation has been adopted by the courts.[2] On the precise question of admitting oral testimony to prove matters that are contained in books of account, the courts have divided, some holding the oral testimony admissible, others excluding it.[3] The federal courts have generally adopted the rationale limiting the "best evidence rule" to cases where the contents of the writing are to be proved.[4] We hold, therefore, that the district judge erred in excluding the oral testimony as to the earnings of the partnership. A closer question arises as to whether proof of the decedent's share in the partnership must be proved by the partnership agreement; but we are not called upon to decide this question since the trial never reached the point where this question would be raised.

■ 2. But even aside from that error, we think that the court below erred in not permitting the case to go to the jury. The Florida cases have not laid down any strict group of criteria against which to measure the damages to the estate.[5] The statute has been interpreted to permit recovery equal to the difference between the estate as it existed at the time of the decedent's death and what the estate would have consisted of had the decedent not been killed at that time.[6] Proof of earnings is a factor to be taken into consideration in a determination of the value of the estate the decedent would have accumulated. But it is not an indispensable factor.[7] The evidence as to the health, habits, and industry of the decedent was sufficient to permit the jury to make a determination. It was error to dismiss the complaint.

Reversed and remanded.

---

[1] McKelvey, Evidence (5th Ed. 1944) 604; see 4 Wigmore, Evidence (3d Ed. 1940) §§ 1174, 1177–1182. It is pointed out that the best evidence rule when not applied to the contents of writings was a broadening rather than a restrictive doctrine. See Thayer, Cases on Evidence (2d Ed.) 778.

[2] See 4 Wigmore, Evidence (3d Ed. 1940) §§ 1242–49, 1339(8); 22 C.J. 1016; 32 C.J.S., Evidence, § 787, pp. 713, 714. See also McKelvey, Evidence (5th Ed. 1944) 604ff; American Law Institute, Code of Evidence (1942) 298ff.

[3] See cases cited in 4 Wigmore, Evidence (3d Ed. 1940) § 1244(4), n. 2, § 1339(8), n. 14. Of course, the best evidence rule applies where the witness is asked to testify concerning the contents of the books and not merely concerning facts which happen to be recorded in those books.

[4] See Keene v. Meade, 3 Pet. 1, 28 U. S. 1, 7, 8, 7 L.Ed. 581; R. Hoe & Co.

v. Commissioner, 2 Cir., 30 F.2d 630, 634; In re Ko-Ed Tavern, 3 Cir., 129 F.2d 806, 810, 142 A.L.R. 357; cf. Carroll v. Gimbel Bros. New York, 195 App. Div. 444, 451, 186 N.Y.S. 737, 741, appeal dismissed 234 N.Y. 528, 138 N.E. 433.

[5] See Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 So. 755, 15 L.R.A., N.S., 451; Florida East Coast Ry. Co. v. Hayes, 67 Fla. 101, 64 So. 504, 7 A.L.R. 1310; Cudahy Packing Co. v. Ellis, 105 Fla. 186, 140 So. 918, 919; Atlantic Coast Line R. Co. v. Woods, 110 Fla. 147, 148 So. 542; International Shoe Co. v. Hewitt, 123 Fla. 587, 167 So. 7.

[6] That sum when found must, of course, be discounted to present value. Florida East Coast Ry. Co. v. Hayes, supra.

[7] In International Shoe Co. v. Hewitt, supra, recovery was allowed although no savings were shown and the deceased had earned nothing for four years prior to her death.