**ANDERSON v. DISTRICT OF COLUMBIA.**

Nos. 392–394.

Municipal Court of Appeals of
District of Columbia.

Aug. 14, 1946.

Julius I. Peyser and Aaron W. Jacobson, both of Washington, D. C., for appellant.

Chester H. Gray, Principal Asst. Corp. Counsel, of Washington, D. C., (Vernon E. West, Corp. Counsel, and Edward A. Beard, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant appeals from the judgment and sentence on each of four counts of an information charging violation of the Female Eight Hour Law. Code 1940, § 36—301 et seq. Since the same points are involved in each appeal we granted appellant the right to consolidate two appeals of right with two appeals which we granted on application.[1]

The first three counts of the information charged that defendant, the owner of a drug store and lunch counter, worked certain female employees (1) for longer than eight hours on certain days, (2) for more than six days a week, and (3) for more than forty-eight hours a week; and the fourth count charged that defendant failed to keep proper time records of the hours worked by her employees, all in violation of the statute.

Trial was had without a jury, and the Government introduced as its sole witness an inspector for the Minimum Wage and Industrial Safety Board. He testified that he had inspected the time records of defendant and found that certain employees had worked nine hours on the days listed in the information, that some had worked seven days for the weeks mentioned, that some had worked fifty-six hours during the weeks mentioned, and that appellant had failed as charged in the fourth count of the information to keep the time records required by law. It appears from the record that his visit was confined to an inspection of the pay roll record and a conversation with the defendant. He did not testify that he actually interviewed any of the employees as to the number of hours or days worked. Although the books of the defendant were in court, and were shown by the defense to the witness for identification, the witness did not testify from them, but testified from memory, using a memorandum prepared by him to refresh his recollection as to statistical details.

The only evidence introduced by the Government as to the violations charged was allegedly obtained by the prosecuting witness from his inspection of defendant's pay roll record. This evidence was received over defendant's objection that the books, not his personal memorandum, were the best evidence, and that secondary evidence should be excluded. The witness also testified, over objection, that he had asked to see defendant's record showing the beginning and ending of work hours, and of lunch hours, and that appellant had said that she didn't have time to keep that type of record. Appellant denied having made this latter statement.

The court, sitting without a jury, found the defendant guilty on all four counts and sentenced her to pay a fine under each count, or in default of the fine, to be imprisoned for a specified number of days in lieu of each fine. The principal question on this appeal is whether secondary evidence was improperly admitted.

---

[1] Where the penalty imposed is less than $50 the appeal is by application; where the penalty is greater there is an appeal of right. Code 1940, § 11—772(a).

■ It is an elementary principle of the law of evidence that the best evidence of which the case from its nature is susceptible must be produced,[2] and that no evidence will be received from a party which is not the best evidence he can produce. Before he can be permitted to introduce proof which from its character presupposes greater or better evidence, he must adequately explain his inability to produce the better evidence.[3]

■ The best evidence rule is usually invoked only where the contents of a writing are to be proved. Where such writing is not produced, parol evidence is inadmissible to prove its contents unless its absence is satisfactorily explained.[4]

■ It does not always follow however, that because there is written evidence of a fact, all parol evidence of the same fact must be excluded;[5] where the terms of a writing are not in issue and where the question of the existence of the writing is merely collateral to the issue, parol evidence is admissible.[6] In other words, where the matter to be proved is a fact which exists independently of any writing, although evidenced by a writing, and can be as satisfactorily established by parol by one having an independent knowledge of the fact as by the written evidence, then both classes of evidence are considered primary and the parol evidence becomes admissible, regardless of the writing.

■ Where the witness has a distinct and independent recollection of the facts to which he testifies, his testimony is not rendered inadmissible merely because he or some other person made a written record of those facts and the record is not produced. Examples come readily to mind. Thus it has been held that to prove loss of earnings by a government employee it was not necessary to produce the official government record of absence, and oral testimony was admitted to establish the absence from work.[7] It has also been held that in proving payment of taxes the best evidence rule does not require that the payment be established only by the tax receipts.[8] Also a witness may testify that he was given a receipt for money without being required to produce the receipt itself as the only competent evidence of payment.[9]

■ While there is some overlapping in the application of the parol evidence rule and the best evidence rule as shown by reported cases, they are distinguishable by the fact that the parol evidence rule applies where an attempt is made to vary the terms of a written instrument by oral testimony; the best evidence rule governs where an attempt is made to prove the contents of a writing by oral testimony.

■ Here the illegal overtime working of employees, if it happened, might have been proved independently of defendant's records, by witnesses having personal knowledge of the facts: for example, by the employees themselves or by government inspectors. Such testimony would of course have been competent if the witnesses were testifying from their own personal knowledge of the facts. If that were done it might be said that the records were merely collateral to the issue. But no such thing was attempted here. Here the witness did not claim to have independent knowledge of the facts. The only basis for his belief or knowledge that there had been a violation was his inspection of defendant's pay roll record. Without the information he found in that record, he could have testified to nothing, for he knew nothing about any

---

2 Tayloe v. Riggs, 26 U.S. 591, 1 Pet. 591, 7 L.Ed. 275; Herzig v. Swift, 2 Cir., 146 F.2d 444. See also Underhill, Criminal Evidence, 4th Ed., § 100.

3 Hartzell v. United States, 8 Cir., 72 F.2d 569 and cases there cited; Shreve v. United States, 9 Cir., 103 F.2d 796; Wigmore on Evidence, 3d Ed., § 1174.

4 Nu Car Carriers v. Traynor, 75 U.S. App.D.C. 174, 125 F.2d 47.

5 Meade v. Keane, Fed.Cas.No.9,373, 3 Cranch, C.C. 51, affirmed Keane v. Meade, 28 U.S. 1, 7 L.Ed. 581.

6 United States v. Aluminum Co. of America, D.C.S.D.N.Y., 35 F.Supp. 820 and cases there collected.

7 Nunan v. Timberlake, 66 App.D.C. 150, 85 F.2d 407.

8 Bateman v. Donovan, 9 Cir., 131 F. 2d 759; Hicks et al. v. Hicks, 196 Ga. 541, 27 S.E.2d 7; Catlin v. Justice, 288 Ky. 270, 156 S.W.2d 107.

9 Meade v. Keane, supra.

overtime violations. Therefore the pay roll record was the witness's best and only source of knowledge of the violations charged and his oral testimony as to the contents of such record was inadmissible, under the first three counts. It should also be emphasized that this was not a mere private record. Both parties concede that because it was kept pursuant to statute, and because it was subject to inspection by government officials (Code 1940, § 36—305) it was quasi-public in character, and could have been used by the Government without violating the constitutional prohibition against self-incrimination. Of this there would seem to be no doubt.[10] Moreover, as we have said, the records were actually in court, had been offered by the defendant for identification, and were therefore immediately accessible to the prosecution.

■ But there was no error in admitting the inspector's testimony under the fourth count, which charged that defendant "did fail to keep a record of the hours of beginning and stopping work and the hours of beginning and ending the recess allowed for meals" of certain employees on various dates. As to this violation he said that when he asked defendant for such records she told him "they did not have time to keep that type of records." Witness also testified that he told defendant she would have to start keeping time records, to which she responded that she could not possibly begin before 1946. (This was on November 5, 1945.) Thus it will be seen that the witness was testifying as to the total absence of a record, not as to the contents of one in existence. And, as we have seen, the testimony as to the failure to keep such records was based on defendant's admission, and not on an inspection by the witness. Thus the parol evidence rule is nowise involved.

It may be mentioned in passing that though defendant and her bookkeeper and another employee all gave testimony, none of them said that this type of record had

ever been kept before the government inspector came there. The testimony in this respect was that immediately after the inspection, defendant obtained the necessary forms and had been keeping the records as directed by the inspector. We mention this, not to stress defendant's guilt, but to emphasize that the inspector did not testify concerning the contents of records, but as to their complete nonexistence.

Since we are returning the case for a retrial we think it may be helpful to discuss certain other errors assigned.

■ Appellant makes much of the fact that on cross-examination the government witness was not required to state whether he had made daily reports to the Commissioners of the District of Columbia as required by the statute. It was probably a legitimate question; indeed later in the trial the witness did testify that he had made no such reports. But there is no merit in appellant's contention that such failure on the inspector's part nullified the offense or precluded the prosecution. There was no error in this connection.

■ Nor was there error in the method in which sentence was pronounced. The sentence on each count was in the form of a fine with an alternative imprisonment for a certain number of days in default of the payment of such fine. Appellant argues that because the offense was statutory, the punishment must be in accordance with the terms of the statute and therefore the court had no power "to add to the fine prescribed" the jail sentence. It is true that the statute provides for fines only.[11] But the sentences to jail were not "added" to the fine: they were merely to become operative if the fines were not paid. The Code 1940, § 11—606 provides: " * * * In all cases where the said court shall impose a fine it may, in default of the payment of the fine imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year." We hold that this

10 Baltimore & O. R. Co. v. Interstate Commerce Commission, 221 U.S. 612, 31 S.Ct. 621, 55 L.Ed. 878; Cudmore v. Bowles, 79 U.S.App.D.C. 255, 145 F.2d 697; Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384; Karr v. Baldwin et al., D.C.N.D.Tex., 57 F.2d 252; Bowles v. Amato, D.C.D.Colo., 60 F.Supp. 361; United States v. Kempe, D.C.N.D. Iowa, 59 F.Supp. 905.

11 Code 1940, § 36—309.

section clearly empowered the trial judge to order that in default of the payment of the fines, defendant should be imprisoned.

 Appellant in her last assignment of error argues that because the name of the former Corporation Counsel on the information was crossed out and the name of his successor not inserted, the prosecution was not brought by the proper prosecuting officer. This defect was one of form merely and not of substance, and the appellant was in no way prejudiced by the defect complained of. Furthermore, the point was neither raised nor passed upon in the trial court.

Affirmed as to count four.

Reversed, with instruction to award a new trial, as to counts one, two and three.