UNITED STATES of America, Appellee,

v.

William T. WHITE, Defendant-Appellant.

No. 320, Docket 23517.

United States Court of Appeals Second Circuit.

Argued May 6, 1955.

Decided June 10, 1955.

Arnold D. Roseman, New York City, for defendant-appellant (Harry Silver, Brooklyn, N. Y., on the brief).

J. Edward Lumbard, U. S. Atty., for Southern Dist. of N. Y., New York City, for appellee, Walter L. Stratton, Asst. U. S. Atty., New York City, of counsel.

Before CLARK, Chief Judge, MEDINA, Circuit Judge and DIMOCK, District Judge.

DIMOCK, District Judge.

Appellant was convicted of the sale of narcotics. The evidence against him consisted of testimony of Government agents as to his actions which they observed and their testimony with respect to an oral confession which he is alleged to have made. While the evidence includes testimony that a government informer, after being searched and found to have no drugs in his possession, was seen giving money to appellant and, thereafter, returned to the government agents with drugs in his possession, it does not include testimony of any eyewitness to the delivery of the drugs. Nor does the evidence exclude the possibility that the informer, said by the Government to have died before the trial of this case, may have obtained the drug from someone other than appellant. Thus the alleged confession was of prime importance.

■■ Appellant contends, first, that the Government's case lacked the requisite corroboration of appellant's alleged confession. The Government's case, independent of the alleged confession, is wanting only in evidence of the actual delivery of the drug. The rule does not require that corroboration of confes-sional proof be, in itself, sufficient to preponderately establish guilt, see United States v. Markman, 2 Cir., 193 F.2d 574, 576; it is satisfied where " * * * the corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 164. The corroboration here seems to be sufficient under the Opper case.

■ Appellant argues, next, that Judge Dawson erred in admitting evidence concerning the confession when it became clear that the Government had in its possession a wire recording which contained at least parts of the confession, in failing to direct the Government to produce the recording and in failing to set aside the verdict and grant a new trial upon the ground that the testimony concerning the confession contained substantial discrepancies when compared with the recording. Since the matter at issue regarding the confession was not the contents of the tape recording but what the appellant had said, the best evidence rule did not require that the recording be produced and oral testimony of what had been said was admissible. See Herzig v. Swift & Co., 2 Cir., 146 F.2d 444; Meyers v. United States, 84 U.S.App.D.C., 101, 171 F.2d 800, 812–813, 11 A.L.R.2d 1. What is more, appellant did not request during the trial that the recording be produced. Thus appellant's claims with respect to evidence concerning his confession depend, for their validity, upon the claim of substantial discrepancy. The truth is that the tape recording is fragmentary and, to some extent, unintelligible. While there were slight discrepancies between the testimony and the recording they are insufficient to affect the credibility of the witnesses and, moreover, the recording is, itself, highly damaging to appellant.

■ Appellant claims that he was prejudiced by the admission in evidence of testimony concerning an episode which, according to the testimony, took place on a date about two weeks after the date on which it was alleged that the

crime was committed. Judge Dawson instructed the jury that the testimony concerning the later episode could be considered by them only as evidence of the commission of the crime actually charged. The theory was that appellant had not been fully paid on December 29, 1953, the date of the crime charged, and that a further payment was made to him by the informer on January 4, 1954. The evidence urged to have been prejudicial concerned the second payment. We find no substance to the claim that this constituted prejudicial proof of another offense.

Appellant contends, further, that he was prejudiced by the Government's summation in that it contained statements that the Government's informer was a Negro and an unsupported statement that the informer had friends in the narcotics trade. Government counsel, while engaged in the essential task of explaining to the jury the fact that the Government cannot be expected to obtain the services of pillars of society as informers in narcotics cases, said that the Government could not have used the two Treasury Agents who figured in the case. He called attention to the fact that they were white, while the other personalities in the case were colored. On objection that there was no evidence that the informer was colored he withdrew that statement but continued to argue that the Treasury Agents could not have been used because in Harlem "a white person would stick out like a sore thumb". Defendant's counsel thereupon objected to "remarks on racial characteristics". The court, in effect, overruled the objection and Government counsel went on with his explanation of why it had been necessary to use the informer, saying,

"A stranger would stand out like a sore thumb, too, one who didn't know the personalities of that neighborhood.

"Bragg [the informer] knew people there. He had friends there. He had been an addict for eight years. He had friends in the narcotics trade."

■ Government counsel was justified in asking the jury to infer that an informer, to be useful in Harlem, must be colored. There is no basis for the charge that the remarks were inflammatory.

■ Likewise it was fair to ask the jury to draw the inference that the informer was chosen for his association with friends in the narcotics trade. He had been an addict for eight years and must have had some source of supply. There was testimony that he was in the company of two other narcotics sellers on the occasion of the sale here involved.

■ Judge Dawson was justified in his condemnation of the interruption of Government counsel's summation to raise these points.

■ Finally, appellant makes the claim of entrapment. The trial judge ruled that on the evidence no entrapment had been shown. In this he was correct. There is no entrapment when a purchase is made at the instance of the law officers where the seller is ready and willing, without persuasion and awaiting any propitious opportunity, to commit the offense, see Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; United States v. Sherman, 2 Cir., 200 F.2d 880. The confession showed that there was no need to persuade appellant.

■ A number of points are raised by appellant with respect to refusals to grant requests to charge. None of these refusals were prejudically erroneous.

The judgment of conviction and the order denying a new trial are affirmed.