**Charles COX and Albert Earl Jones, Appellants,**

v.

**Agnes H. REMILLARD, Administratrix of the Estate of Edward S. Remillard, Deceased, Appellee.**

**No. 14910.**

United States Court of Appeals Ninth Circuit.

Oct. 18, 1956.

Arthur S. Vosburg, William H. Hedland, Frank Bosch, Portland, Or., for appellee.

Before STEPHENS, POPE and CHAMBERS, Circuit Judges.

POPE, Circuit Judge.

This was an action under the Oregon Wrongful Death Act, brought in the court below by reason of the diversity of citizenship of the parties. The defendants, appellants here, were charged with having caused the death of Edward S. Remillard, the plaintiff's decedent, through the negligent operation of a tractor at a place near The Dalles, Oregon. Edward S. Remillard was then three years of age and had a life expectancy of 61 years. Upon trial to the court without a jury, the plaintiff administratrix recovered judgment for $10,000 general damages, and $238 special damages. (The latter were for funeral expenses.)

No question is raised upon this appeal as to the propriety of the trial court's finding of negligence on the part of the defendants. All the assignments of error relate to the amount of the judgment. It is not only alleged that the award is excessive and based wholly upon speculation, but that the Oregon statute does not permit any recovery for the benefit of the estate of a three year old decedent, and that a construction of such statute as permitting any such recovery would render the Act unconstitutional.

The Oregon Wrongful Death Act, Oregon Revised Statutes, § 30.020, is copied in the margin.[1] The key provision of the section, insofar as it concerns a case

Ryan & Pelay, John D. Ryan, James J. Kennedy, Portland, Or., John Gavin, Yakima, Wash., Edwin L. Dunnavan, Pasco, Wash., for appellants.

1. "§ 30.020. Action by personal representative for wrongful death. When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the decedent, for the benefit of the surviving spouse and dependents and in case there is no surviving spouse or dependents, then for the benefit of the estate of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $20,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased."

like this, where there is no spouse and no dependents, is that the recovery shall be "for the benefit of the estate of the decedent". This serves to put certain limitations upon the recovery. This is well and briefly put by the Oregon court in Lane v. Hatfield, 173 Or. 79, 143 P. 2d 230, 234, where the court, dealing with an action brought by the administrator of the estate of a seven year old child, stated that it was the duty of the court " * * * to limit plaintiff's recovery to the amount which the estate of decedent would comprise if decedent had not been killed as here narrated. Her estate would be entitled only to the accumulation of money and other property derived from her services, earnings, investments and savings during the period of her life subsequent to the time when she attained the age of majority."

Prior to the time when the Oregon statute was amended to read as it does at present, the act provided that in all cases, whether the decedent had dependents or otherwise, the measure of recovery was the loss to the decedent's estate. Carlson v. Oregon Short-Line & U. N. Ry. Co., 21 Or. 450, 28 P. 497. After these amendments, the so-called "benefit of the estate rule" was departed from in the case of decedents with dependents, and it was held that the damages recoverable were similar to those allowed under Lord Campbell's acts generally. Nordlund v. Lewis & Clark R. Co., 141 Or. 83, 15 P.2d 980. Even so, recoveries in such cases were limited strictly to the "pecuniary value of the services which the beneficiary under the statute might reasonably have expected from the person on account of whose death the action was brought." Hansen v. Hayes, 175 Or. 358, 154 P.2d 202, 214.

The argument most strongly urged by appellants here is based upon certain language used by the Oregon court in the two cases last cited. There it was said that in determining damages, the jury should be instructed to consider the age, health and physical condition of the decedent, his habits with respect to industry and thrift, his capacity to earn money, his probable length of life, and how many years of that life he would be likely to devote to earning money. Appellants say that most of these criteria cannot be applied in a case where recovery is sought for the death of a three year old child. Here, of course, there are neither spouse nor dependents, and the recovery must be limited by the rule stated in Lane v. Hatfield, supra. Appellants argue that here, in contrast with a case involving death of an adult, the capacity to labor, the earning capacity, the habits of living and expenditures, and of thriftiness, cannot be taken into consideration for proof of them is unavailable. The statute itself, they say, furnishes no tests or standards by which to measure the recovery "for the benefit of the estate of the decedent". The argument is that as applied to an adult the statute has become valid and workable only because the Oregon court by judicial construction has attached to it the tests and standards we have mentioned; but in a case where those standards are not susceptible of proof, the act on its face is so vague and indefinite as to be unenforcible and void and hence lacking in due process.

While no such argument as to the unconstitutionality, or partial unconstitutionality, of the Act was presented in Lane v. Hatfield, supra, yet the Oregon court there found no difficulty in applying a workable standard of proof where the death of a seven year old girl was involved. That case, therefore, demonstrates that there is no basis for the appellant's attack upon the validity of the Oregon act. In the Lane-Hatfield case the life expectancy of the child was proven, and that she was "active, alert and gave promise of a successful and commendable fruition." The proof here was just as adequate. It was stipulated in the pretrial order that young Remillard had a life expectancy of 61 years, and the testimony was that he was a bright, alert, normal and healthy boy. It is true that it was impossible to furnish all of the proof of anticipated earnings and savings which might be furnished in the case of

an adult, but that circumstance does not mean that no damages whatever can be recovered, which would be the result were we to accept appellants' argument.

There are numerous types of cases in which as a matter of common sense it is known that the damages are real but the precise amount, from the nature of the case, is not susceptible of definite proof. Yet that circumstance does not compel denial of substantial recovery. This the Oregon court recognized in Lane v. Hatfield, supra, where it said: "No one knows or can know when, if at all, a seven year old girl will attain her majority for her marriage may take place before she has become twenty-one years of age. * * * Moreover, there is much uncertainty with respect to the length of time anyone may live. A similar uncertainty veils the future of a minor's earning capacity or habit of saving. Illness or a nonfatal accident may reduce an otherwise valuable and lucrative life to a burden and a liability.

"The rule, that the measure of recovery by a personal representative for the wrongful death of his decedent is the value of the life of such decedent if he had not come to such untimely end, has been termed vague, uncertain and speculative if not conjectural. It is, however, the best that judicial wisdom has been able to formulate."

In this case the court could properly assume that the boy would normally live out his expectancy of 61 years. Likewise, it could infer that he would conduct himself as normal individuals do; that he would have earning capacity, and that he would accumulate savings. In Waters-Pierce Oil Co. v. Deselms, 212 U.S. 159, 181, 29 S.Ct. 270, 277, 53 L.Ed. 453, the Supreme Court quoted with approval the statement made in a Texas case [Brunswig v. White, 70 Tex. 504, 8 S.W. 85] to the effect that "'when from the age and undeveloped state of the child, any estimate of value of the services until majority would be matter of opinion, in which no particular or especial knowledge in way of expert testimony could be procured better than the judgment and common sense of the ordinary juror called to the duty of determining such value, then, upon such testimony, the sound discretion of the jury can be relied on to determine the value, without any witness naming a sum.'"

The principle that under a statute similar to the Oregon statute here involved proof of current or past earnings is not indispensable was stated in Herzig v. Swift & Co., 2 Cir., 146 F.2d 444, where the court was dealing with an action under the Florida Wrongful Death Act, F.S.A. §§ 768.01, 768.02. The court cited International Shoe Co. v. Hewitt, 123 Fla. 587, 167 So. 7, as holding that recovery for death of an adult might be allowed although no savings were shown and the deceased had earned nothing for four years prior to her death.

"In cases of this character it is not possible to prove the damage with any approximation to certainty. The jury must estimate them as best they can by reasonable probabilities, based upon their sound judgment as to what would be just and proper under all of the circumstances." Butler v. Townend, 50 Idaho 542, 298 P. 375, 376.

Appellants have furnished us with no case holding invalid a statute such as that which they attack on this appeal. The mere difficulty in supplying more definite proof as to the amount of damages suffered where the loss is nevertheless a real one, has never been made an excuse by any court for denying all recovery as appellants seek to have us do here. Indeed it is not uncommon for statutes to provide, where proof of pecuniary loss is inherently difficult, that the damages recoverable rest in the sound discretion of the jury.[2] We know of no case holding a statute of that kind to be void.

 Appellants' other argument that the amount awarded by the court

2. See for example California Civil Code, § 3339—"The damages for seduction rest in the sound discretion of the jury."

below was excessive is also untenable. In awarding the $10,000, the trial court had in mind the fact that the Oregon court had sustained an award of $5000 in the case of the seven year old child in Lane v. Hatfield, supra. That was in 1943. The Oregon court there spoke of the speculative nature of appraising the damages and alluded to the fact that this girl might attain her majority by marriage before she became 21 years of age. The court below took into consideration the fact that the decedent here was a boy, who, it could be inferred, would have greater earnings than the girl. The court also took into account the decrease in the purchasing value of the dollar since the time of the Hatfield case. This the court had the right to do. Southern Pacific Co. v. Zehnle, 9 Cir., 163 F.2d 453, 454. The amount which we here approve is the same as that approved in Smith v. Philadelphia Transp. Co., 3 Cir., 173 F.2d 721, 727, where the damages were from the death of a five year old child, and where the Wrongful Death statute was substantially the same as the Oregon Act.

The judgment is affirmed.