**Katherine Clagett DAVENPORT, Appellant,**

v.

**OURISMAN–MANDELL CHEVROLET, INC., Appellee.**

**OURISMAN–MANDELL CHEVROLET, INC., Appellant,**

v.

**Katherine Clagett DAVENPORT, Appellee.**

**Nos. 3303, 3304.**

District of Columbia Court of Appeals.

Argued Oct. 21, 1963.

Decided Dec. 12, 1963.

Milton Heller, Washington, D. C., for appellant in No. 3303 and appellee in No. 3304.

Leonard Braman, Washington, D. C., with whom David G. Bress, Karl G. Feissner and J. H. Krug, Washington, D. C., were on the brief, for appellee in No. 3303 and appellant in No. 3304.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

This was a suit for compensatory and punitive damages resulting from fraud and misrepresentation in the sale of an automobile. The jury returned a verdict for Mrs. Davenport in the amount of $805 compensatory damages and $7,500 punitive damages. Ourisman's motion for a new trial was denied, but its motion for judgment *non obstante veredicto* was granted as to the punitive damages. Mrs. Davenport has appealed from the judgment *non obstante veredicto* and Ourisman has cross-appealed from the award of compensatory damages and the denial of its motion for a new trial.

Because we are convinced that a new trial must be granted we will limit our discussion to only one assignment of error. In brief, Mrs. Davenport claimed that she was charged the full retail price of a new car but in reality was sold a demonstrator used by Ourisman's salesmen for a period of ten months. Ourisman's de-

fense was that Mrs. Davenport was fully aware of these facts. One of the crucial points was her claim that the car had been driven over 7,000 miles by Ourisman's salesmen. To prove this Mr. Davenport testified that shortly after delivery he discovered lubrication stickers on the inside of the car door. Counsel for Ourisman objected to this testimony in the following colloquy:

"MR. FEISSNER: We will object to the witness testifying what the mileage was on the service sticker. Counsel indicated in his opening statement he had the service stickers here.

"MR. HELLER: I have the figures down. We have the car outside. The service stickers are on the car. He has memorized them and he has them written down.

"THE COURT: Objection overruled."

Mr. Davenport then gave the dates of the stickers and stated they listed the mileage figures as 2,708 and 7,244, respectively. Ourisman contends that Mr. Davenport's testimony violated the best evidence rule. We agree.

In Anderson v. District of Columbia, D.C.Mun.App., 48 A.2d 710, 712 (1946), we said:

"It is an elementary principle of the law of evidence that the best evidence of which the case from its nature is susceptible must be produced, and that no evidence will be received from a party which is not the best evidence he can produce. Before he can be permitted to introduce proof which from its character presupposes greater or better evidence, he must adequately explain his inability to produce the better evidence.

"The best evidence rule is usually invoked only where the contents of a writing are to be proved. Where such writing is not produced, parol evidence is inadmissible to prove its

contents unless its absence is satisfactorily explained." (Footnotes omitted.)

In the case at bar no explanation was given as to why the service stickers were not offered as evidence. No showing was made that they could not be detached from the door or otherwise reproduced. We hold that it was insufficient to say they were still on the car which was outside the courtroom, and therefore it was error to permit Mr. Davenport to testify.

Judgment in No. 3303 reversed with instructions to award a new trial.

Judgment in No. 3304 reversed with instructions to award a new trial.