Sandra R. WALKER, Appellant,

v.

UNITED STATES, Appellee.

No. 13383.

District of Columbia Court of Appeals.

Submitted Dec. 12, 1978.

Decided Jan. 19, 1979.

Caroline Zane, Washington, D. C., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Jeffrey T. Demerath, Michael J. Keane and James Roland DiFonzo, Asst. U. S. Attys., Dept. of Justice, Washington, D. C., were on the brief for appellee. Michael W. Farrell, Asst. U. S. Atty., Washington, D. C., also entered an appearance for appellee.

Before YEAGLEY, MACK and FERREN, Associate Judges.

PER CURIAM:

In this appeal from a conviction for forgery and uttering (D.C. Code 1973, § 22–1401) appellant claims that the trial court abused its discretion when it admitted into evidence photocopies and microfilm reproductions of credit card invoices in violation of the best evidence rule.[1]

The pertinent facts may be summarized briefly. A Shell oil credit card of John McGowan was stolen and used to purchase gas on October 20th and 23rd of 1975.

Initially, it should be noted that these credit card transactions produce three invoices: one signed and retained by the customer, another tissue carbon copy retained by the dealer for ninety days and a hardback carbon copy which is sent to Shell's main office and put on microfilm before being returned to the customer. On two separate occasions two eyewitnesses saw appellant, who had offered to pay for gas in exchange for a loan of five dollars, purchase gasoline with a Shell credit card.

When Mr. McGowan subsequently received the hardback copies of these transactions from Shell, he sent photocopies of them to the Metropolitan Police Department and returned the originals to Shell with fraud written across them. Detective Robert Wells of the Metropolitan Police Department contacted Shell in order to obtain the original hardbacks and Shell forwarded microfilm reproductions. Seeking the service station tissue copies, he then went to each of the service stations where the credit card had been used without authorization, but was unable to obtain them. The photocopies and the reproductions were introduced into evidence.

The best evidence rule requires that when the contents of a writing are to be proved

---

1. Our disposition of the first issue obviates the need to address appellant's second contention that the microfilm reproductions do not fall within Super. Ct. Civ. R. 43–I, a statutory exception to the best evidence rule.

the original writing must be produced unless its absence is satisfactorily explained. *Anderson v. District of Columbia*, D.C.Mun. App., 48 A.2d 710, 712 (1946); *Nu Car Carriers, Inc. v. Traynor*, 75 U.S.App.D.C. 174, 125 F.2d 47 (1942); Fed.R.Evid. 1002. When a document is executed in multiplicate form, each of the parts is deemed an original. *Fistere, Inc. v. Helz*, D.C.App., 226 A.2d 578, 580 (1967); Fed.R.Evid. 1001(3). Secondary evidence of the contents of a writing is admissible on proof that the original is lost. *Nu Car Carriers, Inc. v. Traynor, supra*, 75 U.S.App.D.C. at 174–75, 125 F.2d at 47–48; Fed.R.Evid. 1004(1). *Cf. Edmunds v. Frank R. Jelleff, Inc.*, D.C.Mun.App., 127 A.2d 152, 155 (1956). A reasonable discretion is vested in the trial court in the application of the best evidence rule. *R. S. Willard Co. v. Columbia Van Lines Moving & Storage Co., Inc.*, D.C.App., 253 A.2d 454, 456 (1969). We find that there was sufficient proof of a reasonable search [2] for the original writings and the trial court was within its discretion in admitting the copies.

*Affirmed.*

2. Appellant contends that the government should have conducted a more diligent search for the original invoices by making more than one trip to each gas station and by a follow-up inquiry of Shell corporation after they sent the microfilm copies of the hardback invoices. However, the standard by which the sufficiency of a search is to be judged by the trial court is determined by whether it was conducted with such diligence as was reasonable under the circumstances. 4 Wigmore on Evidence, ¶ 1194(1) at 441 (Chadbourne rev.1972).