**Ricky R. WAGES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 90–1187.

District of Columbia Court of Appeals.

Submitted June 18, 1991.

Decided July 10, 1991.*

---

* This opinion was originally issued as a Memorandum of Judgment, and is being published at the direction of the court.

Warren E. Gorman, Chevy Chase, Md., was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas C. Black, and Martin D. Carpenter, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FERREN and FARRELL, Associate Judges.

PER CURIAM:

Appellant was found guilty by a jury of assault with a dangerous weapon and several weapons offenses. On appeal, his primary claim of error is that the trial court allowed the prosecutor, without prior notice, to elicit "other crimes" evidence on redirect examination of the complaining witness to the effect that appellant had sought to bribe the witness not to testify at trial. We affirm.

## I.

The complaining witness, Lamont Wilson, was introduced to appellant in mid-January 1989, and soon thereafter agreed to sell crack cocaine for appellant. Appellant gave Wilson five bags of crack cocaine to sell, on the understanding that Wilson would return seventy-five dollars to appellant as appellant's share of the proceeds. Wilson sold the drugs but did not give appellant the seventy-five dollars. In mid-February appellant asked him for the money, which Wilson had spent, and on February 28, 1989, appellant confronted Wilson and again demanded the money, but again did not receive it. Appellant left the scene on this occasion but returned a short time later and again demanded the money. He then drew an automatic pistol and shot Wilson three times from a distance of ten feet.

Wilson, who recovered from his wounds, described appellant to the police and later selected appellant as his assailant from an array of nine photographs shown to him at his home. Wilson's brother Michael had also watched Lamont Wilson and appellant talking on February 28; he heard three or four gunshots from the direction where they were talking, then watched as his brother fell to the ground and appellant ran from the scene.

Appellant called no witnesses in his behalf.

## II.

 Appellant's first contention is that the trial judge erred in admitting into evidence Xeroxed reproductions of the photographs that made up the array from which Lamont Wilson identified appellant. Admission of these copies, in appellant's view, violated the best evidence rule. *See Walker v. United States*, 402 A.2d 813 (D.C.1979). We find no abuse of discretion by the judge in handling this matter. *Id.* at 814 ("A reasonable discretion is vested in the trial court in the application of the best evidence rule"). The government produced seven duplicate photographs of the

original nine; the trial judge compared these to the Xeroxed reproduction of the array and found that the two were virtually identical; and nothing prevented appellant either from introducing the duplicate photographs in evidence or attacking the weight to be given the Xeroxed reproduction by the jury. *See United States v. Gerhart*, 538 F.2d 807, 809–10 (8th Cir. 1976).

■ Appellant next contends that the judge improperly allowed hearsay testimony by Lamont Wilson that he was introduced to appellant by a friend named Smitty, who was "going to be ... selling something for Ricky [appellant]." Even assuming the jury inferred from this that Smitty was going to be selling drugs for appellant, any harm to appellant from this testimony was neutralized by the evidence that Lamont Wilson and appellant had themselves agreed to "do business" in the form of selling crack cocaine, and that appellant had given Wilson cocaine for that purpose.

■ Appellant's third assignment of error challenges limitations placed on his cross-examination of Lamont Wilson when he sought to ask Wilson (a) whether he was "working" in January and February of 1989, and (b) whether the last time he attempted to sell drugs on the street was the day appellant demanded the money and allegedly shot him. As to the first, appellant claims that "[t]he lack of employment may have served to discredit the complainant in the eyes of the jury." Even crediting this doubtful proposition, the restrictions on cross-examination could not have harmed appellant given the exhaustive manner in which appellant was permitted to question Wilson about his repeated sale of cocaine (even since his grand jury appearance in this case), a pending charge against him for cocaine distribution as well as past convictions, and the fact that he had lied to the grand jury about his use of drugs.

■ Finally, appellant argues that the judge erred in allowing the prosecutor to elicit from Lamont Wilson that appellant had offered him money following appellant's arrest and said he would take care of him if Wilson did not testify at trial. Appellant maintains that this testimony was "other crimes" evidence admitted without meeting the requirements of *Drew v. United States*, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964), and also that it was improperly admitted on redirect examination because outside the scope of cross-examination. We reject these contentions.

First, the testimony was arguably not other crimes evidence but rather circumstantial evidence of the crime charged. *See Ali v. United States*, 581 A.2d 368 (D.C.1990) (evidence of conduct criminal in nature is analyzed under *Drew* only if the conduct is "independent of the crime charged"). If believed, Wilson's testimony allowed the inference that appellant was sufficiently conscious of his guilt to attempt to bribe the complaining witness not to testify. *See* 2 WIGMORE ON EVIDENCE § 278, at 133 (Chadbourn rev. 1979). Even assuming it were subject to *Drew* analysis, its probative value clearly outweighed any undue prejudice to appellant, and hence any failure to apprise the court of the government's intent to use it was harmless.

■ Second, as a practical matter the testimony about the attempted bribe was not elicited on redirect examination but on what amounted to a continuation of direct examination, followed by cross-examination by the defense. Near the start of cross-examination of Lamont Wilson, the prosecutor interrupted and asked at the bench if he could ask Wilson two other questions he had forgotten to ask on direct. Appellant objected to the prosecutor being allowed to reopen during cross-examination, but did not object when the court stated, "I'll let you [the prosecutor] ask it on redirect, and if he [defense counsel] has any cross-examination for those matters, I'll just let him recross." The prosecutor's redirect examination makes apparent that the two omitted questions pertained to the offer of money. We can perceive no error in the trial judge's allowing the prosecutor to proceed in this fashion, to which appellant did not

object in any event.[1] *See Morris v. United States*, 389 A.2d 1346, 1352 (D.C.1978) (noting discretion of trial judge to "control the presentation of evidence to the jury").

Accordingly, the judgments of conviction are

*Affirmed.*

---

1. On recross-examination, appellant asked Wilson, "Did you tell any police officers that you were offered a bribe by defendant in a criminal case not to come to court?" to which Wilson replied, "Yes ... Detective Gossage." Detective Gossage was later permitted to confirm that Wilson had told him of appellant's attempt to persuade him not to testify at trial. Over defense objection as hearsay, the judge allowed this testimony as rehabilitation of Wilson in light of what the judge saw as a clear defense attempt to show on cross-examination that Wilson had fabricated the story. Assuming (although his brief is unclear) that appellant means to raise this hearsay issue as a separate point on appeal, we find no abuse of discretion in the circumstances in the judge's admitting in evidence what amounted to a prior consistent statement. *See Reed v. United States*, 452 A.2d 1173, 1180 (D.C.1982).