STATE EX REL. HENNEPIN HOLDING COMPANY v.
MINNESOTA TAX COMMISSION.[1]

December 29, 1916.

Nos. 20,250—(305).

**Certiorari — excessive valuation of property — inapplicable to review of
action of tax commission.**

The action of the State Tax Commission in refusing to reduce an
alleged excessive valuation of real estate for taxation purposes is not
reviewable by *certiorari*.

Upon the relation of Hennepin Holding Company the supreme court
granted its writ of *certiorari* to review the action of the Minnesota Tax
Commission denying the application of relator for correction of the 1916
valuation and assessment by the city assessor of Mineapolis upon relator's
leasehold interests in certain real estate in that city.   Writ quashed.

*Koon, Whelan & Hempstead,* for relator.

*Lyndon A. Smith,* Attorney General, and *Egbert S. Oakley,* Assistant
Attorney General, for respondent.

PER CURIAM.

Relator without avail presented to the assessor facts and figures going
to show that its seven real estate holdings in the city of Minneapolis
were being valued too high, owing to a wrong method or false basis
adopted by him in fixing valuations.   It then presented and argued its
objections before the city board of equalization, where the assessor's val-
uation was affirmed, except upon one of the properties where a reduction
was made.   Thereupon its grievance was carried to the State Tax Com-
mission where, after a full hearing, it was determined that the assess-
ment as left by the city board of equalization should not be disturbed.
Relator now seeks on *certiorari* to review the decision of the tax com-
mission.

We are of opinion that the writ does not lie to review the action of

[1]Reported in 160 N. W. 665.

the commission. This court could not fix the valuation. And the action which the commission has taken in the matter is subject to attack in the proceedings to enforce the tax, notwithstanding any decision we might now render. Soon after the decision in State v. Lakeside Land Co. 71 Minn. 283, 73 N. W. 970, and State v. West Duluth Land Co. 75 Minn. 456, 78 N. W. 115, construing the defense permitted in tax proceedings that the property had been "partially, unfairly or unequally assessed," as not allowing proof that it had been assessed at a value greater than its actual value, the legislature in its revision of our tax law added this provision to the law of permissible defenses: "Or that such parcel has been assessed and taxed at a valuation greater than its real and actual value," etc. Section 18, chapter 2, p. 12, Laws of 1902, (section 2108, G. S. 1913). Relator has, therefore, an adequate remedy at law in the statutory proceeding to enforce the tax where it can raise and litigate the grievance complained of against the assessing authorities. Moreover, State v. Board of Public Works of the City of Red Wing, 134 Minn. 204, 158 N. W. 977, is conclusive that *certiorari* does not lie to review the determination of the tax commission. There an assessment of the board of public works was sought to be reviewed, on the ground that it was too high on account of including certain items, amounting to almost $2,000, for the value of city engineer's and superintendent's work and for repairs and depreciation of the city owned tools and instrumentalities. Because the charter of the city provided that the assessment, when confirmed by the board of public works, was final, and that no appeal should lie therefrom, it was contended that an interested party had no redress other than by *certiorari;* but it was held that since assessments were included in the proceedings to enforce delinquent taxes, there was therein an adequate remedy at law to test the excessiveness thereof.

Writ quashed.