## IN THE MATTER OF THE PROCEEDINGS TO ENFORCE PAYMENT OF TAXES IN KOOCHICHING COUNTY, ETC. STATE v. KOOCHICHING REALTY COMPANY.[1]

### June 4, 1920.

### No. 21,782.

**Court — quasi judicial duties not unconstitutional.**

    1. Duties of a mixed legislative and judicial or quasi judicial character may be conferred or imposed upon the courts by appropriate legislation without infringement of the Constitution.

[1]Reported in 177 N. W. 940.

**Same — overvaluation of real property may be attacked by owner.**

2. The provisions of section 2108, G. S. 1913, granting to the property owner the defense of overvaluation in real-estate tax assessments are not unconstitutional as a delegation of exclusive legislative or administrative duties to the courts, nor because the same defense is not extended to personal property assessments.

**Same — permission of board of equalization unnecessary.**

3. It is not necessary to entitle the property owner to interpose such defense that he first apply to the board of equalization; the statute does not so provide.

The Koochiching Realty Company made application to the district court for Koochiching county to open the tax judgment for 1914 taxes upon certain real estate and for leave to answer. The motion was granted, McClenahan, J., and the company alleged in its answer that the assessement was unfair and unequal and exceeded the true value thereof. The company also objected to the assessments for the years 1915, 1916 and 1917, the taxes for which had become delinquent. The matter was tried before the same judge, who found that the assessment for each of the years was excessive, and the taxes were reduced to the true and actual value as found by the court. From the judgment entered pursuant to the findings and order for judgment, the state appealed. Subject to the application mentioned at the close of the opinion, the judgment was affirmed.

*Franz Jevne, Frank Palmer* and *A. L. Thwing,* for appellant.

*Kerr, Fowler, Schmitt & Furber* and *Harris Richardson,* for respondent.

BROWN, C. J.

The Koochiching Realty Company, a corporation, is the owner of numerous tracts of land situated in the county of its name, including town lots as well as acreage, which were duly assessed for taxation for the year 1914. The tax proceedings resulted in the usual tax judgment, which was rendered and entered on March 23, 1916. Thereafter, in July, 1916, the company made application to the district court, under G. S. 1913, § 2111, to open the judgment with leave to answer and defend in the proceeding. The motion was granted, and the company

by answer interposed in defense that the assessment of the various tracts of land involved was partial, unfair and unequal and in excess of the true and actual value thereof. Before the trial of the action the taxes against the same property became delinquent for the years 1915, 1916 and 1917. The company made the same objection to the assessments for those years, and by stipulation of the parties each thereof was included in the issue thus raised. The cause duly came on for trial, and as the result thereof the trial court found that the assessment of all and singular the tracts of land involved for each of the years stated was excessive, and that the defense to the taxes in that respect was sustained by the evidence. The true and actual value of each tract was found by the court and a reduction of the tax to correspond therewith was ordered accordingly. Judgment was so entered and the state appealed.

The defense of unfair and unequal real-estate assessments, in resistance of the tax judgment provided for by our taxation procedure, has been available to the property owner in this state for many years, in fact, since the revision of the tax code in 1874. Chapter 11, section 79, G. S. 1878. The statute giving the defense was first construed in County of Otter Tail v. Batchelder, 47 Minn. 512, 50 N. W. 536, where it was held that to authorize a reduction of the tax complained of in any particular case, it must be made to appear that the assessment was fraudulently made, or so grossly excessive as to justify the conclusion of a "demonstrable mistake of fact," following the rule applied in local assessment proceedings by municipal corporations. State v. Board of Public Works, 27 Minn. 442, 8 N. W. 161, and State v. District Court of Ramsey County, 29 Minn. 62, 11 N. W. 133. But the defense so given was subsequently rendered of no practical value to the property owner, if it was not in effect wholly taken away, in State v. Lakeside Land Co. 71 Minn. 283, 73 N. W. 970, and State v. West Duluth Land Co. 75 Minn. 456, 78 N. W. 115. The decision in the last of which was handed down in February, 1899, and brought from the legislature at the 1902 special session, an amendment of the statute by the insertion therein of a clause to the effect that in cases where real property "has been * * * taxed at a valuation greater than its real and actual value," the court on the defense being made and sustained by the evidence "may reduce the amount [of the tax] * * * and give judgment

accordingly."[1]   The amendment is embodied in the revised section of the statute as it appears in G. S. 1913, § 2108. The former statute authorized a reduction only where it was made to appear that the assessment was unfair and unequal. The amendment was a distinct change and evidently intended to overcome the decisions referred to above. It explicitly authorizes a reduction in all instances of overvaluation, and must be deemed as abrogating anything to the contrary found in the decisions construing the former statute.

1. The state contends that the statute in its amended form is unconstitutional, as an attempt to confer on the courts authority and jurisdiction over matters of purely legislative or administrative cognizance. The contention is not sustained.

No doubt the general subject of the assessment and equalization of taxes is administrative in character, not delegable to the courts, except to the extent stated in the Batchelder case, a rule applied in the judicial review of the other administrative questions. Brazil v. County of Sibley, 139 Minn. 458, 166 N. W. 1077; State v. State Securities Commission, 145 Minn. 221, 176 N. W. 759. And although the proceedings under the statute are of that character, and are not changed by the fact that the assistance of the judiciary is invoked in their final completion, City of Duluth v. Dibblee, 62 Minn. 18, 63 N. W. 1117, the fact that they retain that character does not render the statute unconstitutional, for there is a commingling of administrative and judicial functions, Stewart v. Case, 53 Minn. 62, 54 N. W. 938, 39 Am. St. 575, thus bringing the statute within the rule often applied in such cases. State v. Crosby, 92 Minn. 176, 99 N. W. 636; State v. Flaherty, 140 Minn 19, 167 N. W. 122; Alexander v. McInnis, 129 Minn. 165, 151 N. W. 899. The statute must therefore be held valid. The wisdom of such a provision in the law is not a judicial question; whether it will work out equitably is not for the courts to say.

There is no force in the suggestion that the statute is invalid because not extended to personal property taxes. Substantially the same defense as to such taxes is however given by G. S. 1913, § 2084; State v. London & N. W. A. M. Co. 80 Minn. 277, 83 N. W. 339, though as to the quantum of proof required to sustain it the rule of the Batchelder case

[1][Laws 1902 (Ex. Sess.) p. 12, c. 2, § 18.]

is applied. State v. Western Union Tel. Co. 96 Minn. 13, 104 N. W. 567. But that is not a valid objection to the statute in question.

Heretofore the statute in its amended form has been treated and regarded as free from constitutional objections. State v. Minnesota Tax Commission, 135 Minn. 282, 160 N. W. 665; State v. Board of Public Works, 134 Minn. 204, 158 N. W. 977; State v. Johnson, 111 Minn. 255, 126 N. W. 1074; State v. South St. Paul Syndicate, 140 Minn. 359, 168 N. W. 95; Jacobson v. County of Lac qui Parle, 119 Minn. 14, 137 N. W. 419.

2. The further contention that to entitle the property owner to the defense of overvaluation he must first apply for relief to the board of equalization is not sound. It is of course to be conceded that the legislature may fix the time when the property owner may be heard in such proceedings upon questions affecting the assessment, and that the time so designated is exclusive and must control. Here the statute expressly and in so many words provides that the defense of overvaluation may be interposed when the proceeding is before the court on the application for judgment, which is long after the proceedings have passed the authority of the board of equalization or other officers charged with like duties. No conditions are imposed upon the right to interpose the defense, and no provision of the statute requires that application be first made to the equalization officers. The court can impose no such condition, but must respect the right as given by the legislature.

State v. Atwood Lumber Co. 96 Minn. 392, 105 N. W. 276, is not in point. That case involved the claim that the assessment, which was originally made for the succeeding two years, and upon which one year's tax had been levied and collected, and not claimed as unfair or unequal as originally made, had become unfair and unequal by reason of a reduction in the value of the land from the removal of the timber which stood thereon at the time of the original assessment. The court held a claim of inequality arising on facts of that character should be presented to the board of equalization. The decision was expressly limited to the facts of that case.

3. We have fully considered all assignments of error not covered by what has been said on the foregoing points, and find no question requiring extended mention. The evidence is ample in support of the

findings of the trial court, even in view of the rule, probably applicable, that the overvaluation should clearly and manifestly be made to appear. State v. London & N. W. Am. Mort. Co. 80 Minn. 277, 83 N. W. 339. Defendant's descriptive circular of the lands, issued and distributed among prospective purchasers, with sale prices attached, in no proper view concludes defendant on the question of actual value. It was admissible in evidence and proper for consideration upon the issue presented, but does not operate as an estoppel. The court properly limited interest, costs and penalties, and there is no substantial merit in the state's contention to the contrary.

It is probable that the judgment, entered by the clerk, fails to conform to the statutory requirements in such cases, and will require some correction and amendment. But all those matters, of which complaint is here made, should be presented to the trial court. No reason is therein presented for a reversal of the judgment, and whatever corrections may be necessary are referred to the trial court, if application shall be made for relief of the kind.

Subject to such application the judgment will be and is affirmed.