## STATE v. E. L. TRASK.[1]

### May 14, 1926.

### Nos. 25,281, 25,282.

**Valuations of taxable lands by trial judge sustained.**

In an application for judgment against lands for delinquent taxes it is *held* that the evidence sustains the trial court's findings of value.

Taxation, 37 Cyc. p. 987 n. 85 New; p. 988 n. 91; p. 1310 n. 93; p. 1311 n. 8.

Applications for judgment against lands in Mille Lacs county for delinquent taxes tried before Nye, J., who found values and directed

[1]Reported in 209 N. W. 18.

judgment for plaintiff. Defendant appealed from orders denying his motions for a new trial. Affirmed.

*E. L. McMillan,* for appellant.

*A. D. Smith,* County Attorney, for respondent.

DIBELL, J.

This is an application for judgment against lands in Mille Lacs county for taxes delinquent for the years 1921 and 1922. The court found the values and directed judgment. There were two proceedings, one for each of the years stated, tried together. The defendant appeals from the orders denying his motions for a new trial.

The defendant claims that there was an overvaluation and he invokes G. S. 1923, § 2120, which makes it a defense to the application for judgment that the land "has been assessed and taxed at a valuation greater than its real and actual value." If overvalued the court is authorized to reduce the valuations. And he claims that in ascertaining value there was a failure to observe G. S. 1923, §§ 1980, 1992, defining true value.

The valuations for the year 1921, as returned by the assessing authorities, were substantially $25 per acre, upon one-third of which value taxes will be levied, and were. Three tracts of varying valuations were slightly reduced. Some 1,300 acres were involved.

The valuations for the year 1922 were in part sustained as found by the taxing authorities, and in part, about one-half in acreage, reduced from the assessor's valuation of $30 per acre to $25. There were about 3,000 acres of these lands.

The lands involved are mostly in 40-27 some 12 miles south of the west part of Mille Lacs lake. A trunk highway runs through the township. They are cut-over lands, partly high and partly low or swampy, common to that region. They are unproductive. They are capable of being made fit for agricultural use. They are not developing much and are not selling. The country is sparsely settled, though there are some good farms. Trunk Highway No. 18, the so-called scenic highway, traverses north and south the eastern part of 40-27.

In In re Taxes of Potlach Timber Co. 160 Minn. 209, 199 N. W. 968, the valuation of lands for purposes of taxation had extended consideration, and the statutes cited were quoted and applied. In State v. Koochiching R. Co. 146 Minn. 87, 177 N. W. 940, the legislation resulting in G. S. 1923, § 2120, is detailed and the decisions collated. It was there objected that the provision now embodied in §2120, giving the owner the defense of overvaluation, was unconstitutional as a delegation of, legislative or administrative duties to the courts. This objection was held not well taken; but it was suggested that the review of the courts was of the limited character permitted in the review of administrative questions, as illustrated in Brazil v. Sibley, 139 Minn. 458, 166 N. W. 1077. In Rolf v. Hancock, supra, page 187, the cases are collected. And see State v. Armson, 166 Minn. 230, 207 N. W. 727. In practice proceedings charging lands with taxes are in a degree summary. There is a limit to the time which can be used and valuations necessarily will be uncertain. But the determination of the amount which specific land shall pay as a contribution to the public, and the fixing of the value of the land, seem essentially judicial; or they may be said to be quasi judicial. State v. Armson, 166 Minn. 230, 207 N. W. 727. And in reaching a determination the taxing body must of course apply the rules and tests prescribed by the statute. As a practical matter weight must be given to the determination of the taxing officials charged by law with finding values. The burden of proving that their values are wrong is upon the landowner, and, as suggested in the Potlach case, following the Koochiching case, it must be manifest that there was an overvaluation before their determination will be disturbed.

There was evidence sustaining the values fixed by the trial court. It came largely from settlers in the vicinity some of whom were local town officers. The testimony for the defendants came largely from the owners or from business men engaged to some extent in selling lands. These different witnesses had something to offer the court of aid in reaching values. From the evidence before us, if we were finding the facts, some of us would find the values much

less; but if we did we would differ greatly in our estimates. The fixing of values, in review of the taxing authorities, is not committed to us but to the district court; and with the burden on the objecting landowner and with due regard to the returns of the taxing officers it was justified in making the findings assailed.

It is not claimed that other like lands were assessed differently; that is that there was inequality or discrimination. Under the statute overvaluation is a defense *pro tanto* though there was no inequality or discrimination.

Orders affirmed.

QUINN and STONE, JJ.
We dissent.