# STATE v. JOHN WALSO.[1]

February 28, 1936.

No. 30,690.

*Carl A. Youngquist* and *John Walso,* for appellant.
*Edward J. Shannon,* Assistant County Attorney, for the State.

STONE, JUSTICE.

Three cases tried below as one, wherein a property owner, by answers, alleged that his real estate (three parcels in Minneapolis) as assessed, in 1932, for taxation were grossly overvalued. There is no claim of discrimination. The decision below sustained the assessed valuation. Mr. Walso, the objecting owner, appeals from the order denying his alternative motion for amended findings or a new trial.

The controlling rules of our statutory and decision law need not be restated. See In re Taxes of Potlach Timber Co. 160 Minn. 209, 199 N. W. 968, and State v. Trask, 167 Minn. 304, 209 N. W. 18. The function of taxation is basically a legislative and executive matter. In the statutory proceedings for judicial review of the justiciable issues involved, "the fixing of values, in review of the taxing authorities, is not committed to us but to the district courts; and with the burden on the objecting landowner and with due re-

[1]Reported in 265 N. W. 345.

gard to the returns of the taxing officers." State v. Trask, 167 Minn. 307, 209 N. W. 19.

Under that rule, this appeal can be disposed of almost summarily. The point is that the findings of the trial court are sustained not only by the determination of the assessing authority but also by the testimony of two competent witnesses. With such support, it would be usurpation of power for us to disturb the decision.

Due consideration has been given the argument based upon the effect of prevailing adverse economic conditions upon real estate values in general. G. N. Ry. Co. v. Weeks, 297 U. S. 135, 56 S. Ct. 426, 80 L. ed. 396. It is relevant but did not prevail below, because, apparently, it was so opposed by express testimony on behalf of the state in support of the assessment. Obviously, we cannot, upon such a generalization, reverse a finding based upon explicit and credible opposing testimony. The same evidence, adopted as the basis of the decision by the trier of the facts, compels us to reject the claim that inasmuch as in 1932 the property was assessed at about the same valuation as in the years immediately preceding the depression there should be, on general principles, a substantial reduction.

Mr. Walso as a witness testified as of his own knowledge as to certain rental income. That testimony was objected to and part of it stricken on the ground that it was not the best evidence. That ruling was error. A witness is not incompetent to testify concerning facts within his own knowledge simply because he or somebody else has made a record of them. The objection erroneously made was that, inasmuch as his books of account were available, Mr. Walso could not properly testify as to anything shown by them, although within his own personal knowledge. To such a situation the parol evidence rule has no application. But the error was without prejudice because the facts wanted finally went into evidence, mainly by use of the books in question.

Other assignments of error going to rulings on evidence also fail to show prejudicial error. For the most part, if not altogether, they were within the discretion vested in the trial judge as to the reception and exclusion of evidence.

The order under review is affirmed.