Clyde ALLEN, Appellant,

v.

W. H. O. ALFALFA MILLING CO., a Colorado corporation, Appellee.

Harry SPAYD, Appellant,

v.

W. H. O. ALFALFA MILLING CO., a Colorado corporation, Appellee.

Nos. 6069, 6070.

United States Court of Appeals Tenth Circuit.

Nov. 10, 1959.

---

2. Union Agreement, Article II, Section 1(b).

George F. Barbary, Denver, Colo., for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and PICKETT, Circuit Judges.

MURRAH, Chief Judge.

This appeal involves the proof of the amount of damages in a patent-infringement suit. By stipulation and order in the trial court, it was agreed and adjudged that appellants Clyde Allen and Harry Spayd had infringed Letters Patent 2,650,745, owned by appellee W. H. O. Alfalfa Milling Company, by reproducing the patented "feeder for fodder cutters" in a machine for milling alfalfa hay. Appellee Company is the one-man business organization of Walter H. Oberwortman, and upon trial of the issue of damages, he testified that the costs of the patented and unpatented portions of the machine were about $1500 each, or a total of $3000, and that the sales price of the entire machine was $6500. Also in evidence was a purchase order substantiating this sales price, and the statement of one of the appellants that they had purchased the unpatented portion on the market for roughly $2000. Relying on these figures, the trial court allocated $2500 of the $3500 profit to the patented portion, and gave judgment accordingly. On appeal, the sole contentions are (1) that the best evidence rule precludes oral proof of the costs of production because corporate accounting books, required to be kept by law, were presumably available, and (2) the division of the profit between the patented and unpatented portions of the machine was not substantiated by evidence.

With respect to parol proof, the traditional best evidence rule proclaims that the writing is the best evidence of its contents, and testimony thereof is inadmissible if the writing is available. Herzig v. Swift & Co., 2 Cir., 146 F.2d 444. Applying this rule, courts exclude testimony when the knowledge from which the witness testifies is derived from the writing. See Shreve v. United States, 9 Cir., 77 F.2d 2;

David Berger, Denver, Colo., for appellants.

Pabst Brewing Co. v. E. Clemmons Horst Co., 9 Cir., 229 F. 913. But in further application, courts do not bar oral proof of a matter merely because it is also provable by writing. Thus, parol proof based on knowledge gained independently of the written matter is admissible even though it may pertain to the same matter. See Herzig v. Swift & Co., supra; Keene v. Meade, 3 Pet. 1, 28 U.S. 1, 7 L.Ed. 581; In re Ko-Ed Tavern, 3 Cir., 129 F.2d 806. 810, 142 A.L.R. 357; R. Hoe & Co. v. Commissioner, 2 Cir., 30 F.2d 630; State v. Walso, 196 Minn. 525, 265 N.W. 345; Maier v. Publicker Commercial Alcohol Co., 62 F.Supp. 161, 167, affirmed 3 Cir., 154 F.2d 1020; 4 Wigmore, Evidence (3d Ed.) p. 664, § 1242.

 Where, however, specific books and records are required by statute for the purpose of proving the very matter in issue, as in Bergdoll v. Pollock, 95 U.S. 337, 24 L.Ed. 512, testimony thereof in lieu of records would manifestly be inadmissible. But in our case, the statutory requirement to maintain correct books of account bears no relationship whatsoever to the question at issue in this lawsuit.

Since it is quite apparent that the testimony of Mr. Oberwortman was drawn from his own direct and personal knowledge about his business, and was both factually and legally independent of any corporate records, the testimony was therefore clearly admissible and properly admitted. To be sure, the written proof might have been more persuasive, but our question is one of admissiblity, not weight, which is the province of the trial court. Of course, if at any time a litigant desires his adversary's books and records to be in evidence, he has ample means readily available. See Rules 35, 45(b), F.R.Civ.P., 28 U.S.C.A.

With respect to their contention that the allocation of damages to the patented portion was unsupported by evidence, appellants rely upon authoritative sanctions that the proof of such an allocation "must be reliable and tangible, and not conjectural and speculative * * *." Westinghouse Electric & Manufacturing Co. v. Wagner Mfg. Co., 225 U.S. 604, 615, 32 S.Ct. 691, 694, 56 L.Ed. 1222, quoting Garretson v. Clark, 111 U.S. 120, 121, 4 S.Ct. 291, 28 L.Ed. 371; see also Cincinnati Car Co. v. New York Rapid Transit Corp., 2 Cir., 66 F.2d 592. However, here there was evidence of the separate cost of the unpatented portion on the market, i. e., $2000, and the costs of this part to the Company, i. e., $1500. From these figures, the trial court reasonably could determine that the profit on this unpatented portion was $500, and allocate as much as $3000 of the total $3500 profit to the patented portion. The fact that the trial court did not spread its computations in its findings and conclusions is immaterial; all that is requisite is that adequate basis for the award be found in the record before us. See Rule 52(a), F.R.C.P. And we think in these circumstances the trial court's allocation of $2500 to the patented portion was hardly speculative, but rather, clearly and conservatively based on concrete figures.

The judgment is affirmed.