William H. Kenner and Eleanor V. Kenner, et al. [1] v. Commissioner. Kenner v. Commissioner
Docket Nos. 2761-62 - 2763-62.
United States Tax Court
T.C. Memo 1968-185; 1968 Tax Ct. Memo LEXIS 114; 27 T.C.M. (CCH) 893; T.C.M. (RIA) 68185; August 21, 1968. Filed William H. Kenner, pro se, Uniontown, Ala. Sheldon S. Rosenfeld, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Respondent determined income tax deficiencies and additions to tax in these consolidated cases as follows: Docket No. 2761-62
Additions to Tax
I.R.C. 1954
Year
Deficiency
Sec. 6654
Sec. 6651(a)
1955
$59,786.06
1956
52,479.60
$ 22.55
1957
52,507.79
1958
57,507.62
178.24
$16,644.38
*115 Docket No. 2762-62
Additions to
tax, I.R.C. 1954 Sec.
Year
Deficiency
6651(a)
1955
$42,434.27
$10,608.57
1956
19,027.86
4,756.97
1957
22,765.93
5,691.48
1958
25,006.51
6,251.63
1959
63,959.63
Docket No. 2763-62
Year
Deficiency
Additions to
tax,I.R.C. 1954 Sec.
6654
1959
$109,784.01
$144.59
The issues presented for determination are: (1) Whether or not any part of the net earnings of petitioner Kenner's Charitable Hospital, Inc., inured to the benefit of any private shareholder or individual during the years 1955 through 1959 thereby disqualifying it from exemption from taxation under section 501(c)(3), Internal Revenue Code of 1954, [2]
(2) If petitioner Kenner's Charitable Hospital, Inc., was not exempt from taxation during the years 1955 through 1959, what was the amount of its taxable income for those years; (3) If petitioner Kenner's Charitable Hospital, Inc., was not exempt from taxation during the years 1955 through 1959, whether or not it is liable for additions to the tax *116 for failure to file tax returns for said years pursuant to section 6651(a) of the Code; (4) Whether or not petitioners William H. and Eleanor V. Kenner, during the years 1955 through 1958, received taxable income from Kenner's Charitable Hospital, Inc., in 894 the amounts shown below by reason of moneys paid to them or paid on behalf of William H. Kenner to his wholly owned corporation, which amounts were not reported in their joint Federal income tax returns for those years: 1955
$78,327.76
1956
46,195.00
1957
23,122.65
1958
58,487.01
(5) Whether or not petitioners William H. AND Eleanor V. Kenner are entitled to the various deductions claimed in their joint Federal income tax returns for the years 1955 through 1958, which deductions were disallowed by respondent; (6) Whether or not petitioners William H. and Eleanor V. Kenner are liable for additions to the tax in the years 1956 and 1958 pursuant to section 6654 for underpayment of estimated Federal income tax; (7) Whether or not petitioners William H. and Eleanor V. Kenner are liable for an addition to the tax for the year 1958 pursuant to section 6651 for failure to timely file their joint Federal *117 income tax return for that year; (8) Whether or not petitioner William H. Kenner, during the year 1959, received taxable income from Kenner's Charitable Hospital, Inc., in the amount of $128,802.81 by reason of moneys paid or transferred to him or paid on his behalf to his wholly owned corporation, which amounts were not reported in petitioner's Federal income tax return for the year 1959; (9) Whether or not petitioner William H. Kenner is entitled to the various deductions claimed on his Federal income tax return for the year 1959, which deductions were disallowed by respondent; and (10) Whether or not petitioner William H. Kenner is liable for an addition to the tax for the year 1959 pursuant to section 6654 for underpayment of estimated Federal income tax. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioner Kenner's Charitable Hospital, Inc. (hereinafter referred to as the Hospital) was organized and incorporated under the laws of the State of Illinois. For the taxable years 1955 through 1959, the Hospital did not file Federal corporate income tax returns. Petitioners William H. Kenner and Eleanor V. Kenner, for the years 1955 *118 through 1958, were husband and wife and filed joint Federal income tax returns with the district director of internal revenue at Chicago, Illinois. William H. Kenner filed an individual tax return for the year 1959 with the district director of internal revenue at Chicago, Illinois. Since Eleanor V. Kenner is a party to these proceedings only because she filed joint income tax returns for the years 1955 through 1958, William H. Kenner will hereafter be referred to as petitioner. Petitioner is a medical doctor. He graduated from medical school in 1926 and, after an internship, practiced medicine as a contract surgeon for the United States Army. In 1930, petitioner began a private practice of medicine in Chicago, Illinois. On January 10, 1933, petitioner organized and incorporated the Hospital under the laws of the State of Illinois. The Hospital's articles of incorporation, which were amended from time to time, generally provided that its purpose was to provide free, charitable hospital rooms and treatment and not to operate for pecuniary profit. On August 26, 1949, the Hospital filed an exemption affidavit, claiming exemption from Federal income tax under section 101(6) of the *119 Internal Revenue Code of 1939. On October 10, 1949, the Internal Revenue Service issued a letter holding that the Hospital was exempt from Federal income tax under the above provision. On September 11, 1951, the Internal Revenue Service, by letter, revoked its ruling dated October 10, 1949, that the Hospital was exempt from Federal income tax. For each of the years 1955 through August 15, 1959, a statement of operating income and other financial statements were prepared for the Hospital by Joseph Borenstein & Company, certified public accountants. The respondent has determined that the Hospital during the years 1955 through 1959 had taxable income computed as follows: 895 1955
1956
1957
1958
1959
Income
$237,331.46
$180,957.86
$180,494.06
$189,564.22
$ 96,763.93
Expenses &
160,150.17
148,788.90
141,136.50
145,897.86
96,775.78
depreciation
Less: portion of
15,000.00
15,000.00
15,000.00
15,000.00
11,250.00
expenses de-
termined incurred
on behalf of Dr.
Kenner personally
Balance
145,150.17
133,788.90
126,136.50
130,897.86
85,525.78
Ordinary income
92,181.29
47,168.96
54,357.56
58,666.36
11,238.15
as adjusted
Long-term capital
242,352.72
gain
Taxable income as
92,181.29
47,168.96
54,357.56
58,666.36
253,590.87
adjusted
*120 In 1932, petitioner purchased the premises at 716 Wellington Avenue in Chicago, Illinois, and converted them into a hospital. Thereafter, he purchased a nearby residence for use as a nurses' home. In 1936, he conveyed the Wellington Avenue premises and the nurses' home to the Hospital corporation. In 1946, the Hospital sold its old premises at 716 Wellington Avenue, exclusive of the nurses' home, as a going concern for $60,000. In 1946, petitioner and his wife entered into a contract to purchase property located at 3150 Lake Shore Drive in Chicago, Illinois, for $155,000. Petitioner immediately began to convert the property into a hospital and late in 1946 the property was deeded to petitioner. The Hospital continued to operate at the 3150 Lake Shore Drive location until 1959 when petitioner sold the property for $450,000. The amount of $102,648.78, which amount represents a portion of the proceeds from the sale of the Hospital property in 1959, was transferred from the Hospital's corporate bank account at the Belmont National Bank, Chicago, Illinois, to the personal account of petitioner at the same bank on October 8, 1959. Also on November 16 and 19, 1959, the amounts of $10,000 *121 and $1,500, respectively, were transferred from the corporate bank account at the Valley National Bank, Tucson, Arizona, to petitioner. During all the years of the Hospital's existence, petitioner was in complete effective charge of it. He acted in various capacities such as president, director, administrator, and house physician. On March 17, 1950, petitioner organized the Altar Land and Cattle Company (hereinafter referred to as Altar), under the laws of Arizona with 886 shares of stock outstanding, of which petitioner owned 884 shares and two other persons each held a single share as nominee. In April 1950, Altar entered into an agreement to purchase the land, buildings, and personal property comprising the Lazy-V Ranch, located some 25 miles from Tucson, Arizona, for $85,000. The agreement excepted from its terms about 10.8 acres located on the southeast edge of the Lazy-V which immediately surrounded a dwelling known as the Hill House. The name "Lazy-V Ranch" was changed to Rocking K Ranch. For clarity, we will continue to refer to it as the Lazy-V. This property at the time of its purchase by Altar contained something less than one section of land and was improved by two *122 houses, a swimming pool, servant's and chauffeur's quarters, two garages, an old barn, and several corrals and shanties. In March 1953, petitioner personally entered into a preliminary contract for the purchase of the 10.8 acres, including land and improvements and furnishings, known as Hill House, which had been excluded from the prior sale of the LazyV land. At the time of its purchase by petitioner, it was improved with two houses, a cottage, and a pump house. In the southeast corner of the Lazy-V property, adjoining the Hill House property, is a 10-acre plot which was occupied by the Rincon Sanatorium (hereinafter referred to as Rincon). During the years 1950 through 1954, the Rincon property was improved by converting a garage into a coffee shop, adding several rooms to the servant's quarters, tearing down barns and outbuildings, and erecting a commissary. Between 1950 and 1954, many additional improvements were made on the Lazy-V property, exclusive of the 10 acres occupied by Rincon. Improvements were also made on the Hill House property, including a poultry house built there about 1952 and certain additions made to the main Hill House residence between 1954 and 1956. *123 No sanatorium was ever operated on the Hill House premises although petitioner did, in 1954, some 4 years after he purchased Hill House, transfer it to a trustee who 3 years later transferred it to the Hospital. 896 The books of the Hospital carried an account, # 1470, to which were charged amounts expended on the Arizona properties. The following Hospital expenditures are shown on its books as appropriations for the Rincon Hospital Special Fund, which was the accounting classification used by the Hospital to encompass all expenditures related to the Arizona properties: Year
Amount
1955
$ 46,451.64
1956
27,884.45
1957
19,071.77
1958
48,087.01
1959
13,654.03
Total
$155,148.90
Checks on the Hospital's bank account were drawn to the order of petitioner as shown below, except for check number 1630 dated July 30, 1955, which was drawn to cash in the amount of $1,500: 1955
Date
Check no.
Amount
3/27
1327
$ 900.00
4/ 2
1340
6,000.00
5/ 2
1420
10,000.00
5/19
1439
12,548.57
7/18
1579
927.55
7/30
1630
1,500.00
Total
$31,876.12
1956
Date
Check no.
Amount
2/ 5
2100
$ 500.00
2/ 9
2104
4,000.00
3/ 9
2152
9,440.55
3/13
2153
1,500.00
3/15
2158
2,500.00
11/25
2627
370.00
Total
$18,310.55
19571/ 1
2693
$ 228.38
8/27
3193
322.50
9/ 1
3205
2,500.00
9/24
3258
1,000.00
Total
$ 4,050.88
1958
5/14
3794
$ 6,900.00
10/16
4078
3,500.00
Total
$10,400.00
1959
9/ 1
4630
$ 1,000.00
Total
$ 1,000.00
*124 The deductions listed below were claimed in petitioner's joint Federal income tax returns for the years designated and were disallowed by respondent in the amounts indicated. The disallowed amounts represent the figures in respondent's notices of deficiency for those years, as modified by his statement of concessions filed herein. 1955
1956
1957
1958
Capital loss deductions
$10,000.00
$1,000.00
$ 300.00
Other business expense
1,345.83
8,402.82
2,264.71
$3,956.30
deductions
Itemized deductions
1,818.35
1,307.59
Farm expenses
2,628.86
The deductions listed below were claimed by petitioner in his individual Federal income tax return for the year 1959 and were disallowed by respondent in the amounts indicated. The disallowed amounts represent the figures in respondent's notice of deficiency for that year, as modified by his statement of concessions filed herein. Business expense deductions
$ 128.36
Itemized deductions
2,371.08
Petitioners did not file their joint Federal income tax return for the year 1958 within the time prescribed by law. Opinion This proceeding represents another act in the continuing legal *125 drama of petitioner. The activities of petitioner and his charitable hospital were the subject of a prior decision of this Court involving the years 1944 through 1954. The present action was commenced in July 1963. During the course of the proceedings, petitioner presented to the Court a document entitled "Petition for court to request U.S. Attorney General to investigate fraud upon the Court," which was, in effect, dismissed. Petitioner then sought and obtained appellate review by the Seventh Circuit of the dismissal, which Court affirmed the Tax Court action. Kenner v. Commissioner, 387 F. 2d 689 (C.A. 7, 1968). At issue in this case is the correctness of the following three determinations of respondent: (1) because part of its net earnings inured to the benefit of petitioner, the Hospital is not exempt from taxation, and, therefore, is liable for income taxes and additions to tax as computed by respondent; (2) petitioner received taxable income from the Hospital in the form both of direct payments to himself and payments made to the Altar Land Company, a corporation wholly owned by petitioner, which income was never reported on petitioner's income 897 tax returns; *126 and (3) petitioner was only entitled to various deductions in the amounts as computed by respondent and not in the amounts as taken on the income tax returns for the years involved herein. In response, petitioner alleges a "corrupt and illicit conspiracy of Internal Revenue agents, petitioners' own attorneys and others" to "unlawfully assess tax, punish, harass, and relieve petitioners of all their property, which they can own at the present time and that which they may acquire at any time in the future." The Seventh Circuit, in its most recent affirmance of this Court's action in regard to petitioner, determined that petitioner's claim of a conspiracy against him lacked sufficient substance to merit further consideration by that Court. Kenner v. Commissioner, supra, p. -. We agree. Petitioner has failed to produce any evidence herein that such a conspiracy ever existed and we cannot set aside the deficiencies asserted by respondent on the basis of the mere allegation by petitioner that there was such a conspiracy. That respondent's determinations have the support of a presumption of correctness and petitioner has the burden of proving them to be wrong is so well *127 established as to require no citation of authority. In the instant case, both petitioner and the Hospital have completely failed to carry that burden with regard to any of the issues presented herein. Neither the testimony of petitioner's witnesses, even if we were to give credence to it, nor the documents put in evidence by petitioner are sufficient to show that respondent's determinations are incorrect. Under these circumstances, we can do nothing but find for respondent on all issues involved herein. Due to concessions made by respondent in regard to some of the amounts involved, Decisions will be entered under Rule 50. Footnotes
1. Cases of the following petitioners are consolidated herewith: Kenner's Charitable Hospital, Inc., docket No. 2762-62, and William H. Kenner, docket No. 2763-62.↩
2. All references are to the Internal Revenue Code of 1954 unless otherwise stated.↩