**William H. KENNER, Eleanor V. Kenner and Kenner's Charitable Hospital, Inc., a not-for-profit Illinois Corporation, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 17557, 17558 and 17559.**

United States Court of Appeals, Seventh Circuit.

June 17, 1971.

---

Stevens, Circuit Judge, dissented and filed opinion.

Charles A. Boyle, Chicago, Ill., for petitioners-appellants.

Johnnie M. Walters, Asst. Atty. Gen., Carolyn R. Just, Atty., Tax Division, U. S. Dept. of Justice, Washington, D. C., William J. Bauer, U. S. Atty., Chicago, Ill., Lee A. Jackson, Gilbert E. Andrews, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before KILEY, PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

This appeal presents the case of a taxpayer, Dr. William H. Kenner,[1] who firmly and apparently sincerely, believes that he had been the victim of fraud and harassment by the Internal Revenue Service. His feud with the Service has consumed twenty years and threatens to consume more. Recently his problems have been compounded by his own efforts to represent himself due to his dissatisfaction, again apparently fully justified in his own mind, with the legal profession.

Dr. Kenner graduated from medical school in 1926. In 1933 he organized and incorporated Kenner's Charitable Hospital, Inc., (Hospital) in Chicago, Illinois. The articles of incorporation generally provided that the purpose of the Hospital was to provide free, charitable hospital rooms and treatment and was not to operate for pecuniary profit.

In 1949 Hospital applied for and received an exemption from federal income tax as a charitable organization. In 1951 the ruling exempting Hospital was revoked retroactively.

Dr. Kenner and his Hospital have been before this court twice before. In Kenner v. Commissioner of Internal Revenue, 318 F.2d 632 (7th Cir. 1963), a judgment of the tax court determining deficiencies in income tax of nearly $600,000 as to Hospital and nearly $400,000 as to Kenner for the years 1944 to 1954 was affirmed. The basis of that affirmance was that the tax court was not clearly erroneous in finding that net earnings of Hospital inured to the benefit of Kenner or an Arizona corporation wholly owned by him so that Hospital was not entitled to exempt status and Kenner was taxable on Hospital funds diverted to his personal use. This court rejected Kenner's contentions that sums diverted from Hospital's bank accounts were at all times less than non-Hospital funds deposited in those ac-

---

1. The petitioners-appellants, William H. Kenner and Eleanor V. Kenner, for the years 1955 through 1958, were husband and wife and filed joint income tax returns with the district director of internal revenue at Chicago, Illinois. William H. Kenner filed an individual tax return for the year 1959 with the same district director. Since Eleanor V. Kenner is a party to these proceedings only because she filed joint income tax returns for the years mentioned, reference to the individual petitioners in the opinion will be solely to Kenner.

counts by him and that the Arizona corporation existed for the purpose of establishing a new Hospital-connected sanitarium in Arizona.

In Kenner v. Commissioner of Internal Revenue, 387 F.2d 689 (7th Cir. 1968), another panel of this court reviewed the tax court's denial of Kenner's petition to set aside, on grounds of fraud on the court, the earlier tax court judgment which had been affirmed in the first Kenner appeal. Although this court held that the tax court had power to consider such a petition notwithstanding the finality of the judgment, the denial was affirmed on the ground that Kenner's petition failed to establish fraud on the court.

The present consolidated appeals are from judgments of the tax court [2] assessing tax deficiencies against Kenner and Hospital for the years 1955 through 1959. As in the earlier case covering years prior to 1955, the grounds are that Hospital is not exempt from tax under Section 501(c) (3) of the Internal Revenue Code of 1954, 26 U.S.C. § 501(c) (3), since a part of its earnings inured to the benefit of Kenner and that Kenner did not report certain income diverted from Hospital to his personal use and the use of the wholly-owned Arizona corporation.

Kenner represented himself in the tax court and has filed extensive pro se briefs on this appeal. A number of the contentions in the briefs have been dealt with in earlier opinions of this court relevant to his tax problems. Nearly all seem infected with references to the doctor's generalized complaints against the I.R.S. and his former attorneys.

Fortunately for his cause, however, before the oral argument of this appeal, Dr. Kenner, apparently willing to try lawyers once more, secured the aid of new counsel. This attorney filed a supplemental brief and presented oral argument on Kenner's behalf. By counsel's efforts, and without any noticeable aid from Kenner's pro se efforts, we have been convinced that the judgment of the tax court is infected by reversible error. Accordingly, Dr. Kenner will have another opportunity to present his case to the tax court. We can but hope that he will realize the wisdom of his decision to secure counsel and will not again attempt to present this complicated case to the tax court without the assistance of a competent and dedicated attorney, which it seems he has now found.

By these remarks we do not intend in any way to pass any judgment on the ability, competence or effectiveness of any counsel that Kenner may have heretofore retained. Attorneys perforce must cope as best they can with factual situations in which their clients have placed themselves or permitted themselves to be placed. An attorney's competence is not necessarily equated with victory in litigation, yet clients are sometimes prone to blame the counsel for defeat rather than the morass of their own affairs. The client should be prepared to accept the realistic evaluation of his affairs as made by the attorney of his selection.

We reverse on the single issue raised by Dr. Kenner's attorney and do not attempt to cull the new from the old in Dr. Kenner's pro se brief. We note only that we have given it careful attention and that Dr. Kenner's counsel may find among its various allegations issues still alive to be presented to the tax court. However, in its present state, it contains little which a court could rely upon in attempting to rectify any wrongs which may have been done Dr. Kenner.

In his supplemental brief, Kenner's attorney contends that the tax court erred in excluding certain material evidence and testimony which went directly to the heart of the appellants' position on tax liability for the years in question.

Kenner's theory before the tax court was that Kenner's Charitable Hospital, Inc., was entitled to the charitable corporation exemption available under Section 501(c) (3), *supra*. He sought to

2. Kenner, et al. v. Commissioner, 1968 P–H–TC Memo § 68,185, 27 T.C.M. 893.

refute the Government's contention that part of Hospital's income and assets had inured to his personal benefit by showing that any funds he received from Hospital were either reasonable compensation for his services to the corporation or repayments of loans which he had personally made to the corporation.

We have carefully studied the entire record of the hearing before the tax court. Dr. Kenner's attempts to support his theory were curtailed on several occasions when testimonial evidence concerning cash flows between himself, the Arizona corporation and Hospital was excluded as not the best evidence of the transactions in questions. The tax court sua sponte suggested the appropriateness of such an objection to Government counsel and then repeatedly prompted further objections on the same ground or sua sponte struck testimony as not the best evidence.

For example, we note these colloquies in the transcript:

"MR. ROSENFELD [Government counsel]: I object, your Honor. The question is so broad in scope as to cover a period of time in excess of the years before this Court.

\*   \*   \*   \*   \*   \*

"THE COURT: \* \* \* Now naturally I am rather surprised that the objection has not been made to this type of question on the best evidence rule. Now if there were mortgages, they are a matter of record, and that would be the best evidence of a mortgage. I won't let this witness answer that question.

\*   \*   \*   \*   \*   \*

"DR. KENNER: Did the income of Dr. W. H. Kenner inure to the benefit of Kenner's Charitable Hospital?

"THE COURT: Don't answer the question.

"MR. ROSENFELD: I object, your Honor, as not being the best evidence.

"THE COURT: Your objection is sustained.

\*   \*   \*   \*   \*   \*

"DR. KENNER: I move that this document be entered as evidence in this case.

"THE COURT: Doctor, I feel sorry for you. There isn't a thing I can do about it. You have insisted upon representing yourself in an extremely complicated case. If there is an objection raised to the introduction of that document, I will have to sustain it.

"MR. ROSENFELD: I object, your Honor.

"THE COURT: Objection sustained.

\*   \*   \*   \*   \*   \*

"DR. KENNER: For what amount [was the hospital sold]?

"MR. ROSENFELD: I am going to have to object, your Honor. I don't know what time period and therefore, do not know whether this is relevant to the issues in this case.

"THE COURT: Objection sustained. If the Board of Directors did something, the Minutes of the Board of Directors is the best evidence.

"DR. KENNER: For what amount was this hospital sold?

"MR. ROSENFELD: I object, your Honor. This is not the best evidence.

"THE COURT: The objection is sustained."

Citation of a single, recurring type of exclusion will suffice to demonstrate the appropriateness of a new hearing. On various occasions, Dr. Kenner sought to testify that he had paid for Hospital's nurses' home with his own funds, that he had paid for improvements on the Arizona properties with his own funds, and that proceeds of the brief operation of the Arizona sanitarium had been paid to Hospital. Testimony as to such transactions was in each case immediately cut off, apparently on the ground that the checks by which the funds had been disbursed or the books and records of Hospital would have been the best evidence of the transactions.

Particularly in light of Dr. Kenner's personal knowledge of the transactions,

the applicability of the best evidence rule in these circumstances is doubtful. *See* Allen v. W. H. O. Alfalfa Milling Co., 272 F.2d 98, 99–100 (10th Cir. 1959), and Herzig v. Swift & Co., 146 F.2d 444, 445–446 (2d Cir. 1945). *See generally* IV Wigmore on Evidence § 1245 (3d ed. 1940), and 32A C.J.S. Evidence §§ 792(5) and 802. In Sayen v. Rydzewski, 387 F.2d 815, 819 (7th Cir. 1967), this court recognized that "courts do not bar oral proof of a matter merely because it is also provable by a writing," and added:

> "[P]laintiff was not attempting to prove the contents of a written document, i. e. his books and records, of which the books and records would themselves have been the best evidence. He was testifying to the fact of his income from his own knowledge."

We are aware of what appears to be normal practice at the administrative level of the Internal Revenue Service to insist upon documentary proof of financial transactions. The tax court, however, was not dealing with what could be persuasive or nonpersuasive to a revenue agent but rather with a technical rule of evidence which we find was misapplied to the prejudice of Kenner. The credibility and weight given to proffered evidence, once admitted, whether written or oral, remain important factors in the trial of any law suit including those in the tax court.

However, best evidence and most persuasive evidence should not be confused. The written document may well be the most persuasive evidence from a credibility point of view but that does not mean that less persuasive evidence is necessarily violative of the technical best evidence rule.

We have not felt it necessary to embark upon a detailed analysis of all facets of the best evidence rule.[3] We are confident that upon the retrial of this case in which Kenner is represented by counsel the best evidence rule will only be the basis where properly applied for exclusion of evidence by the learned and experienced tax court judge.

However, even assuming that the best evidence rule was generally applicable to exclude the testimonial evidence offered concerning transactions of which written records had been made, it was still error to exclude the testimonial evidence under the particular facts of this case. A well recognized exception to the best evidence rule excuses compliance with its terms where the original writing has been lost or destroyed. *See generally* IV Wigmore on Evidence §§ 1192–98 (3d ed. 1940), and McCormick on Evidence § 201 (1954).

The Government stipulated during the tax court hearing that Dr. Kenner's books and records were incomplete. Despite his general inability to effectively conduct his own case, Dr. Kenner was able to get into evidence, through testimony of the custodian of the records, the facts that they had been delivered intact to the office of a Mr. Gillett to be kept available for use in connection with the tax dispute; that the records were complete and in good order at that time; that thereafter, at least four Internal Revenue Agents inspected them; and that when the agents released the records in Mr. Gillett's office, certain items were missing and the records were not in good order but were "botched."

Dr. Kenner also elicited testimony from an accountant that it was impossible to audit the books and records in their present, incomplete condition since "the general ledgers were not in order reflecting the various income and expense accounts or assets and liabilities. The same applied to all books of original entry, in particular the check disbursements."

---

3. The 1954 Code, 26 U.S.C. § 7453, provides that the rules of evidence in the tax court are those "applicable in trials without a jury in the United States District Court of the District of Columbia." Insofar as the best evidence rule is concerned, this would seem to be the common law rule.

At various points throughout the hearing, testimony was introduced that certain checks and documents were not found among the records after diligent search.

This evidence of unavailability stands unchallenged and unrebutted on the record before us. Under these circumstances, it was error to foreclose all attempts to prove the cash flows between the doctor, the Arizona corporation and Hospital by means other than the original checks and books of account of the various parties.

We do not mean to rule, nor even suggest, in this opinion that the best evidence rule has lost viability in trial proceedings or that it should not, in its own rather narrow ambit of application, be worked to exclude secondary evidence purporting to prove the contents of a written document when the original is available or when the unavailability is the work of the profferer of the secondary evidence.

Despite the apparent efforts of the tax court to advise the pro se litigant that he was proceeding on a perilous path, we nevertheless are compelled to the belief that Kenner's contentions were less than fairly presented.

As we view the record here, we think there is merit in the contention of Kenner's counsel that aside from the harshness of some of the rulings they had the chilling effect of intimidating Kenner from proceeding with the greater part of his proof regarding original loans and their repayment.

For the reasons herein set out, we reverse and remand for further proceedings not inconsistent herewith.

Reversed and remanded.

STEVENS, Circuit Judge (dissenting).

Dr. Kenner contends that hospital funds which were diverted to his use in the years 1955 through 1959 represent repayments of loans which he had made to the hospital in the 1940s. He made the same contention in prior litigation involving deficiencies for the years 1944 through 1954. As a matter of fact, the tax court and this court found no merit in the contention because it was unsupported by documentary evidence and the oral testimony which was offered was unworthy of belief.[1] In my opinion it was not unfair for the trial judge to make it clear to Dr. Kenner at the outset of this proceeding that he would not accept uncorroborated oral testimony as evidence of the same purported loans.[2]

Dr. Kenner argues that oral testimony was improperly excluded under the best evidence rule because various documents were lost or destroyed. In fact, some of the excluded testimony was later received,[3] and some was inadmissible on other grounds.[4] Of more significance,

---

1. "We think it clear that the factual determinations of the Tax Court are fully supported by the record. Certainly they are not clearly erroneous. The detailed treatment accorded the many transactions bear out that court's ultimate findings. Kenner's arguments before this court constitute an attempt to have us sit in judgment of his credibility and his memory since there is little else to support his contentions." Kenner v. Commissioner of Internal Revenue, 318 F.2d 632, 635 (7th Cir. 1963).

2. Although the point was not raised by the Government, relitigation of this factual issue might well have been foreclosed by the doctrine of estoppel by judgment.

3. See, e. g., transcript pp. 134–136. (Dr. Kenner attempted to testify concerning the sale of his first hospital located at 716 Wellington Avenue, Chicago, Illinois. He sought to show that the Board of Directors of the hospital voted to sell it for $57,000. This testimony was excluded pursuant to the best evidence rule. However, Dr. Kenner was permitted to establish that he, as a member of the Board of Directors, had direct knowledge concerning the sale and subsequently to testify that the hospital was sold for $57,000 in October of 1946.)

4. See, e. g., transcript pp. 111–112. (Mrs. Deloris Kenner was asked whether the income of Dr. Kenner inured to the bene-

however, is the fact that the state of the record makes it impossible to determine whether the evidentiary rulings affected a substantial right.[5]

Dr. Kenner made no offer of proof. If he were represented by counsel, the defects in the record would plainly be fatal to his appeal. No doubt there are cases in which procedural rules should be relaxed for litigants appearing *pro se*. In my opinion this is not such a case.

I respectfully dissent.

fit of Kenner's Charitable Hospital. The court did not permit her to answer the question. She was asked the same question again, and again the court ruled the testimony inadmissible and stated in response to the statement by Government counsel that he objected to the testimony because it was not the best evidence, "It might be the best evidence and it might not. It is a legal conclusion, and I will sustain the objection on that basis. That question is for the Court to decide based on the facts shown the Court.")

5. See Rule 103, Proposed Rules of Evidence for United States Courts and Magistrates (rev. draft Mar. 1971) and Advisory Committee's Note thereto.